DAVID HAMERSLOUGH (SBN 95010)
ERIC A. GRAVINK (SBN 226990)
ROSSI, HAMERSLOUGH, REISCHL & CHUCK
1960 The Alameda, Suite 200
San Jose, CA 95126-1493
Tel: (408) 261-4252
Fax: (408) 261-4292

Attorneys for Secured Creditor
Sergio Roldan

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| In Re:<br><br>BERT BIRMINGHAM<br><br>　　　　Debtor,<br><br>　　vs.<br><br>SERGIO ROLDAN, and<br>DOES 1 to 20,<br><br>　　　　Defendants. | Chapter 13<br><br>Case No.:　　16-53437 MEH<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:　July 14, 2017<br>Time:　10:00 a.m.<br>Location:<br>　　United State Bankruptcy Court<br>　　280 South First Street<br>　　San Jose, CA<br>　　Courtroom No.: 3020<br>Judge: Hon. M. Elaine Hammond |

Secured Creditor Sergio Roldan (hereinafter "ROLDAN" or "Moving Party") moves this court for relief from stay pursuant to 11 U.S.C. 105; 362 (d)(1), (2)(B), (4)(B); and 362(f) of the United States Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-01 of the United States Bankruptcy Court for the Northern District of California with respect to Debtor BERT BIRMINGHAM ("Debtor"), Debtor's bankruptcy estate, and the Property (defined below) so that ROLDAN may proceed under nonbankuptcy law to enforce its rights and remedies, including foreclosure and possession, relative to real property commonly

known as 1050 Ortega Circle, Gilroy, California 95020 (Assessor's Parcel Number 808-27-008), a Note Secured by Deed of Trust in the principal amount of $60,476 ("Note") with accruing interest thereon, the Securing Deed of Trust ("DOT") dated March 12, 2007 recorded with the Santa Clara County Recorder's Office on March 22, 2007 as Document Number 19352696, a Santa Clara Superior Court order/judgment dated November 3, 2016 for attorney fees and costs in the amount of $69,317.39 pertaining to said Note and DOT, and for a waiver of the provisions of Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Motion") as follows:

## I. Introduction

### A. Fully Mature Note and Deed of Trust

Debtor executed the Note in the principal amount of in the principal amount of $60,476 with the Debtor and spouse Loretta L. Birmingham ("Loretta" or "Co-Debtor") as Borrowers and ROLDAN as Lender. Debtor and Co-Debtor executed the DOT on March 12, 2007 thereby securing the Note on the Property, said DOT being recorded with the Santa Clara County Recorder's Office on March 22, 2007 as Document Number 19352696.

Debtor and Co-Debtor have failed to pay the Note on or subsequent to its maturity on January 1, 2008, as well as having failed to pay any owed interest thereon.

Debtor and Co-Debtor brought suit in the Superior Court of the State of California in the County of Santa Clara in Case Number 113CV243356 on March 21, 2013 in an attempt to invalidate the Note and DOT. A non-jury took place and Judgment was rendered in favor of ROLDAN, said judgment being entered on December 2, 2014. An initial award to ROLDAN of attorney fees and cost in the amount of $43,119.00 was entered on February 27, 2015. On January 16, 2015, Debtor and Co-Debtor served a Notice of Appeal to the Appellate Court of the State of California, Sixth District. Debtor and Co-Debtor's appeal was denied and Remittur served on September 27, 2016. Attorney fees and costs cumulatively totaling $69,317.319 were awarded ROLDAN by order/judgment on November 3, 2016.

Post-maturation interest on the Note principal is 7% or $11.60 per day (or $4,233/year) since January 1, 2008, totally $37,810.72 up to the December 7, 2016 filing date of Debtor's present Chapter 13 Petition.

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

### B. Condition of the Property

Per Page 2, Item 8a of Debtor's Schedule I filed on December 19, 2016, Debtor reports rental income of $1,000 for the Property but, to the knowledge of ROLDAN did not attach, nor has ever otherwise filed, the requisite statement for the Property showing gross receipts (rental payments), ordinary and necessary expenses, and the total net monthly income. Debtor has not provided: a copy of the lease agreement; any information on the condition of the Property; the nature/terms/duration of the lease; nature of the tenant's usage of the Property; the amount of the security deposit; any move-in Property condition reports; or other pertinent information.

### C. Multiple Bankruptcy Cases with Debtor delays and non-performance to hinder Secured Creditors.

Co-Debtor Loretta L. Birmingham filed a Chapter 13 case (Case No. 15-52244 MEH) on July 7, 2015. A secured creditor on Debtor and Co-Debtor's 1565 E. Middle Ave., San Martin, California property moved for Relief from Stay on October 21, 2015 [Docket Number ("DN") 41, Case 15-52244]. Co-Debtor agreed to a Stipulation for Adequate Protection which was filed on November 10, 2015 (DN 43, Case 15-52244). The Trustee filed a Motion to Dismiss on February 19, 2016 (DN 46, Case 15-52244). Co-Debtor did not perform and a Declaration re Non-Cure of Default under Adequate Protection Order was filed on April 11, 2016. (DN 51, Case 15-52244) with Order Terminating Stay being filed on April 12, 2016 (DN 53, Case 15-52244). The Order Terminating Stay was vacated on Co-Debtor's Motion for Reconsideration and a new Stipulation was entered on June 6, 2016 (DN 67, Case 15-52244).

Hearings re Trustee's Motion to Dismissal were continued on multiple occasions in response to Co-Debtor's filings and promises, the last continuation being of the September 20, 2016 hearing to November 15, 2016 with Co-Debtor to file a further Amended Plan prior that new hearing date. No such Amended Plan was ever filed.

Co-Debtor failed to perform as required by the June 6, 2016 Stipulation and a Declaration of Default was filed on October 19, 2106 (DN 77, Case 15-52244). An Order Terminating Stay was granted and filed on October 20, 2016 (DN 78, Case 15-52244).

The Superior Court's Order awarding ROLDAN $69,317.39 in attorney's fees and costs

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

was entered on November 3, 2016. The 1565 E. Middle Secured Creditor had a Notice of Trustee's Sale issued which was recorded by the Santa Clara County Recorder on November 10, 2016. The Trustee's Sale Auction was set for December 14, 2016. Bankruptcy Case 15-52244 was dismissed by Order with Notice of Dismissal on November 18, 2016 (DN's 79, 80, Case 15-52244).

Debtor Bert Birmingham filed his present Chapter 13 Petition (Case Number 16-53437 MEH) on December 7, 2016, thereby staying, yet again, actions and collections against Debtor and Co-Debtor and their estate. Debtor filed his Chapter 13 Plan on January 11, 2017 (DN 13, Case 16-53437). The Trustee filed Objections to the Plan on January 13, 2017 (DN 15, Case 16-53437). On May 3, 2017, the Trustee filed a Motion to Dismiss (DN 23, Case 16-53437) citing unreasonable delay by Debtor and arrearages in promised Debtor Plan payments since February 2017.

**II. Secured Creditor is Entitled to Immediate Relief from the Automatic Stay as to the Debtor, the Debtor's Estate, and the Property.**

**A. The Court has Ample Authority to Grant Relief from Automatic Stay**

The court's authority to grant relief from stay may be found inter alia, 11 U.S.C. 362 and 11 U.S.C. 105. 11 U.S.C. 362 (d) provides, in pertinent part, that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay proved under subsection (a) of this section, such as by terminating, annulling modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if…
>
> (B) such property is not necessary to an effective reorganization"

Further, 11 U.S.C. 362 (f) provides, in pertinent part, that:

> "Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section."

### B. Secured Creditor ROLDAN is Entitled to Relief from Stay

ROLDAN is entitled to relief from stay pursuant to 11 U.S.C. 105; 362 (d)(1), (2)(B), (4)(B); and 362(f) of the United States Bankruptcy Code.

The matured Note and Securing DOT have not been paid or satisfied. Debtor and Co-Debtor have, and are continuing to use, every available legal maneuver, to interminably delay their obligations to perform despite their claimed net worth on December 7, 2016 of $1,590,204 as reported on their Official Form 106Sum (page 8 of DN 1, Case 16-53437).

Debtor and Co-Debtor use of multiple bankruptcies to improperly hinder their Secured Creditors make relief from stay pursuant to 11 U.S.C. (d)(4)(B) appropriate.

Given that Debtor and Co-Debtor's proposed Chapter 13 Plan proposed Plan involves the surrender of the Property to ROLDAN and the other Secured Creditor, and that no objection to such proposed Property surrender has been filed, is conclusive evidence that the Property is not otherwise necessary for effective reorganization. Relief from Stay is therefore also appropriate pursuant to 11 U.S.C. (d)(2)(B).

### C. ROLDAN is Entitled to a Waiver of Rule 4001

For the reasons discussed hereinabove, ROLDAN is entitled to a waiver of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3).

///
///
///
///
///
///
///
///

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

### III. Conclusion

WHEREFORE, Moving Party respectfully requests that the court issue an order granting relief from Stay as the Debtor, Debtor's estate, and the Property, waiving the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3), and ordering such other and further relief as is just.

Dated: June 30, 2017        ROSSI, HAMERSLOUGH, REISCHL & CHUCK

BY: /s/ Eric A. Gravink
ERIC A. GRAVINK
DAVID HAMERSLOUGH
Attorneys for Secured Creditor Sergio Roldan

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

Case: 16-53437    MOTION FOR RELIEF FROM AUTOMATIC STAY    6
Case: 16-53437    Doc# 26    Filed: 06/30/17    Entered: 06/30/17 15:03:00    Page 6 of 6