Name of Debtor:

BERT BIRMINGHAM,

Case No.
16-53437 meh

# AMENDED CHAPTER 13 PLAN

YOU WILL BE NOTIFIED OF THE DATE, TIME, AND LOCATION OF A HEARING TO CONFIRM THIS PLAN AND OF THE DEADLINE TO OBJECT TO ITS CONFIRMATION.   IN THE ABSENCE OF A TIMELY WRITTEN OBJECTION, THIS PLAN MAY BE CONFIRMED.   IT WILL BE EFFECTIVE UPON ITS CONFIRMATION.

### Section 1.   Plan Payments and Plan Duration

**1.01   Plan payments.**   To complete this plan, Debtor shall:

a. Pay to Trustee $850.00 per month for 12 months from the following sources: (describe, such as wages, rental income, etc.): Wages, self-employment income, pension and social security, and contributions from adult son.   Debtor shall after 12 months, increase the monthly payment to $1,000.00 for 36 months.

b. In addition to the foregoing monthly payments, pay to Trustee $2,500.00 from the following sources on the dates indicated:
Date(s): Months 49 through plan completion.
Source(s): Wages, self-employment income, pension and social security, and contributions from adult son.

c. The monthly plan payments will continue for 60 months unless all allowed unsecured claims are fully paid within a shorter period of time.   This plan cannot propose monthly payments beyond 60 months.

### Section 2.   Claims and Expenses

**2.01.**   With the exception of any post-petition direct payments to be made by Debtor, the payments required by Sections 2.04, 2.05, 2.07, 2.08, 2.10 and 3.01 will not be made pursuant to this plan unless a timely proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**2.02.**   The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's order on a claim objection, valuation motion, lien avoidance motion, or adversary proceeding judgment affects the amount or classification of a claim.

**2.03.**   Trustee's fees shall be paid pursuant to 28 U.S.C. §586(e). Compensation due a former chapter 7 trustee shall be paid pursuant to 11 U.S.C. §1326(b)(3)(B). Debtor's attorney of record was paid $1,000.00 before the Chapter 13 case was filed.   By separate order or in accordance with applicable Guidelines, after confirmation, debtor's attorney shall be paid additional fees of $3,650.00 through this plan at the rate of $600.00 per month until paid in full.

**Secured Claims**

**2.04.   Class 1: All delinquent secured claims that are not modified by this plan.** Class 1 claims are delinquent and other than the curing of any arrears, are not modified by this plan. Debtor or a third party (_____) shall directly make all post-petition payments on Class 1 claims.

a. **Cure of arrears.**   Trustee shall pay in full all allowed pre-petition arrears on Class 1 claims.

b. **Application of payments.** The arrearage payment may include interest.  If the provision for interest is left blank, interest will not accrue.   The arrearage payment must be applied to the arrears. If this plan provides for interest on arrears, the arrearage payment shall be applied first to such interest, then to arrears.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears (0% unless otherwise stated) | Fixed Arrearage Payment | Payment Start Date (Start date will be a specific month during the plan) |
|---|---|---|---|---|
| 1. Caliber Home Loans – 1565 E. Middle Ave., San Martin | $24,000.00 | 2.12% | $350.00 | November 2017 |
| 2. Santa Clara County Tax Collector – 1565 E. Middle Ave. San Martin | $0.00 | | | |
| 3. | | | | |

**2.05. Class 2: All secured claims that are modified by this plan.**

   a. **Payment of claim.** Trustee shall satisfy each Class 2 claim by paying the amount specified below as the monthly payment. Subject to Section 2.05(c), Class 2 claims will be paid in full. The payment of a Class 2 claim shall not include interest unless otherwise specified. If Debtor does not intend to satisfy a Class 2 claim by periodic payments, Debtor shall check this box [ ] and provide for this claim in Additional Provisions.

   b. **Adequate protection payments.** Before confirmation, Trustee shall pay each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by 11 U.S.C. §1326(a)(1)(C). As required by 11 U.S.C. §1325(a)(5)(B)(iii), equal monthly payments must be no less than the adequate protection payment.

   c. **Claim amount.** The amount of a Class 2 claim is determined by applicable non-bankruptcy law. If applicable bankruptcy law authorizes a debtor to reduce a secured claim, Debtor may reduce the claim to the value of the collateral securing it by filing, serving, and prevailing on a motion or adversary proceeding to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of collateral, Debtor shall file this motion or adversary proceeding and have it decided before plan confirmation.

   d. **Lien retention.** Each Class 2 creditor shall retain its existing lien as permitted under applicable bankruptcy law.

| Class 2 Creditor's Name/Collateral Description (No Reduction in Collateral Value) | Purchase Money Interest - Personal Property? Y/N | Estimated Amount of Claim | Interest Rate (0% unless otherwise stated) | Monthly Payment |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |

| Class 2 Creditor's Name/Collateral Description (Reduction in Collateral Value) | Reduced Value of Collateral | Interest Rate (0% unless otherwise stated) | Monthly Payment |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

**2.06. Class 3: All secured claims for which the collateral is being surrendered.** Upon confirmation of this plan, the automatic stay is modified to allow a Class 3 secured claim holder to exercise its rights against its collateral.

| Class 3 Creditor's Name | Collateral to be Surrendered |
|---|---|
| 1. Sergio Roldan | 1050 Ortega Circle, Gilroy, CA |
| 2. Bank of America | 1050 Ortega Circle, Gilroy, CA |

|  | 1050 Ortega Circle, Gilroy, CA |
|---|---|
|  |  |

**2.07. Class 4: All other non-delinquent secured claims.** Class 4 claims are not delinquent and are not modified by this plan. Debtor or a third party (_____) shall directly make all post-petition payments on Class 4 claims.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment |
|---|---|
| 1. |  |
| 2. |  |
| 3. |  |

**2.08.** The deed of trust with _____ ("Creditor") encumbers real property located at _____, securing a loan that is the subject of a loan modification application (the "Application"). The monthly payment listed below represents the projected payment under the Application, and may not be the payment when the Application is approved or denied. Notwithstanding Section 2.04, and except as otherwise provided in this plan, Trustee will not pay any pre-petition arrears claimed by Creditor while the Application is proposed or pending.

  a. If Creditor approves the Application, the monthly payment Debtor shall directly make will be the amount approved by Creditor.

  b. If the approved Application changes the amount of arrears that otherwise would be paid under Section 2.04, alters any plan payment to be made to Trustee, or adversely affects the amount to be paid to claimants in Section 2.12, Debtor shall file an amended plan reflecting such changes within 14 days of receipt of written notification of approval of the Application.

  c. If Creditor denies the Application, Debtor shall, within 14 days of receipt of written notification of denial of the Application, file an amended plan providing for appropriate treatment of pre-petition and post-petition arrears or surrender of the property.

  d. If Debtor fails timely to file an amended plan, Debtor shall be deemed to be in material default under this plan and the remedies described in Section 4.02 shall be available to Trustee or Creditor.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Monthly Modification Installment |
|---|---|---|
| 1. |  |  |
| 2. |  |  |
| 3. |  |  |

**2.09.** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan, and Trustee shall not make any disbursements on such claims. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay as to that claim holder.

**Unsecured Claims**

**2.10. Class 5: Unsecured claims entitled to priority pursuant to 11 U.S.C. §507.** Trustee shall pay in full Class 5 claims, whether or not listed below, unless a claim holder agrees to accept less or 11 U.S.C. §1322(a)(4) is applicable. If 11 U.S.C. §1322(a)(4) applies, the claim holder and the treatment of the claim shall be specified in the Additional Provisions. Notwithstanding any other provision in this plan, Debtor shall directly pay all domestic support obligations and all loan payments to a retirement or thrift savings plan that are due and payable post-petition, regardless of whether this plan is confirmed or a proof of claim is filed.

| Class 5 Creditor's Name | Type of Priority | Estimated Claim Amount |
|---|---|---|
|  |  | All claims in class 5 to be paid with |

Case: 16-53437   Doc# 48   Filed: 11/21/17   Entered: 11/21/17 15:45:38   Page 3 of 8

|   |   |   | annual interest at .80%. |
|---|---|---|---|
| 2. |   |   |   |
| 3. |   |   |   |

**2.11.   Class 6: Designated unsecured claims that will be paid in full even though all other nonpriority unsecured claims may not be paid in full.**

| Class 6 Creditor's Name | Reason for Special Treatment | Estimated Claim Amount |
|---|---|---|
| 1. |   |   |
| 2. |   |   |
| 3. |   |   |

**2.12.   Class 7: All other unsecured claims**.   These claims, including the unsecured portion of secured recourse claims not entitled to priority, total approximately $0.00   .   The funds remaining after disbursements have been made to pay all administrative expense claims and other creditors provided for in this plan are to be distributed on a pro-rata basis to Class 7 claimants.
**[select one of the following options:]**

  XX  **Percent Plan.**  Class 7 claimants will receive no less than 100% with annual interest at .80% of their allowed claims through this plan.

  ____  **Pot Plan.**   Class 7 claimants are expected to receive __% of their allowed claims through this plan.

### Section 3.   Executory Contracts and Unexpired Leases

**3.01.**   Debtor assumes the executory contracts and unexpired leases listed below.   Debtor shall directly make all post-petition payments to the other party to the executory contract or unexpired lease.   Unless a different treatment is required by 11 U.S.C. §365(b)(1) and is set out in the Additional Provisions, Trustee shall pay in full all pre-petition defaults.

| Name of Other Party to Executory Contract Unexpired Lease | Description of Contract/Lease | Regular Monthly Payment | Pre-petition Default | Monthly Cure Payment |
|---|---|---|---|---|
| 1. |   |   |   |   |
| 2. |   |   |   |   |

**3.02.**   Any executory contract or unexpired lease not listed in the table above is rejected.   A proof of claim for any rejection damages shall be filed by the later of the claims bar date or thirty days after confirmation of this plan. Upon confirmation of this plan, the automatic stay is modified to allow the nondebtor party to a rejected, unexpired lease to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor in the event of a default under applicable law or contract.

### Section 4.   Miscellaneous Provisions

**4.01.   Vesting of property.**   Property of the estate will revest in Debtor upon confirmation.

If Debtor does not want the property to revest, Debtor must check the following box: ❏ SHALL NOT REVEST.

If the property of the estate does not revest in Debtor, Trustee is not required to file income tax returns for the estate, insure any estate property or make any of Debtor's ongoing, regular post-petition debt payments with the exception of monthly cure payments otherwise required by this plan. Upon completion of this plan, all property shall revest in Debtor.

Notwithstanding the revesting of property in Debtor, the court will retain its supervisory role post-confirmation to enforce Fed. R. Bankr. P. 3002.1 and provide any other relief necessary to effectuate this plan and the orderly administration of this

Case: 16-53437   Doc# 48   Filed: 11/21/17   Entered: 11/21/17 15:45:38   Page 4 of 8

case.

After the property revests in Debtor, Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee.

**4.02. Remedies upon default.** If Debtor defaults under this plan or does not complete this plan within 60 months, Trustee, or any other party in interest may request appropriate relief pursuant to Local Bankruptcy Rules. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If the court terminates the automatic stay to permit a Class 1 or 2 secured claim holder or a party to an executory contract or unexpired lease to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such secured claim, executory contract or unexpired lease claim, and any portion of such secured claim not previously satisfied under this plan shall be treated as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral for which Debtor has personal liability shall be treated as a Class 7 claim subject to the timely filing of a proof of claim.

**4.03 Impermissible Provisions.** Notwithstanding any other term in this plan, Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable as a matter of law in a Chapter 13 case under 11 U.S.C. §1328.

### Section 5. Additional Provisions

This plan is the court's standard plan form. Other than to insert text into designated spaces, expand tables to include additional claims, or change the title to indicate the date of the plan or that the plan is a modified plan, the preprinted text of this form has not been altered. If there is an alteration, it will be given no effect. The signatures below are certifications that the standard plan form has not been altered.

Despite the foregoing, as long as consistent with the Bankruptcy Code, the Debtor may propose additional provisions that modify the preprinted text. All additional provisions shall be on a separate piece of paper appended at the end of this plan. Each additional provision shall be identified by a section number beginning with section 5.01and indicate which section(s) of the standard plan form have been modified or affected.

Additional Provisions are not appended to this plan.

Dated: 11/20/2017                                         /s/ Bert Birmingham
                                                          Debtor

                                                          _____
                                                          Debtor

Dated: 11/20/2017                                         /s/ Charles B. Greene
                                                          Debtor's Attorney

## Notice to Creditors Regarding Plan Provisions

**Binding Effect of the Plan**: The plan will be binding upon creditors if approved at a confirmation hearing. You should review the plan carefully as your legal rights may be affected. You may wish to seek legal advice to understand its terms and to protect your rights.

**Written Objection to Confirmation**: If you disagree with the terms of this plan, you must file a written objection with the U.S. Bankruptcy Court by the date of the Meeting of Creditors and serve it upon the trustee and debtor's attorney or, if not represented by an attorney, the debtor. If you fail to file a timely written objection to confirmation of this plan and the plan is confirmed by the court, you will be bound by its terms.

**Plan Payment**: The debtor must make the first payment proposed by the plan within 30 days after the plan is filed or the order for relief is entered, whichever is earlier, or the case may be dismissed without further notice.

**Proof of Claim**: To receive payments, you must file a proof of claim. You may file the proof of claim electronically if you are a registered participant for electronic filing. If not, a blank claim form is enclosed for your use. The form must be fully executed, legible and you must attach any required documentation. It must be filed with the court and served upon the debtor's attorney or, if not represented by an attorney, the debtor.

**Distribution of Funds**: Payments will be disbursed by the chapter 13 trustee consistent with 11 U.S.C. § 1326(b)(1) and according to the plan. Creditors secured by personal property will receive adequate protection payments contemporaneous with other administrative claims. Non-administrative priority and unsecured claims under 11 U.S.C. § 507 will be made in their order of priority, except that allowed claims under § 507(a)(1)(B) which may be listed as an optional provision of the plan will be paid after other priority claims. Payments must be credited in accordance with the terms of the plan and § 524(i).

**Treatment of Secured Claims**: The valuations shown will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less. The remaining balance of any partially-secured claim will be treated as a general unsecured claim. If the time value of money (interest rate) is not specified, it will be paid at an annual rate of seven percent (7%).

**Adequate Protection Payments**: Subject to the trustee's monthly disbursement cycle, the trustee will disburse adequate protection payments commencing within 30 days after a proof of claim is properly filed, documenting the nature and extent of a claimed lien. Adequate protection payments may be no less than the monthly depreciation of the collateral.

**Proposed Compromise**: If the debtor has proposed a compromise affecting your collateral, you may either accept, reject or renegotiate the proposed compromise. If you reach an agreement, the resulting claim will be treated as a secured claim under § 506 and the plan may be confirmed. If you do not affirmatively agree, you must file an objection to confirmation (see above), and the confirmation hearing will be continued for consideration of a modified plan.

UNITED STATES BANKRUPTCY COURT
*FOR THE*
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Order Establishing Procedures for Objection to Confirmation

1. **Placement on Trustee's Pending List and Hearing Taken Off Calendar:** If an objection to confirmation is filed or a case is otherwise not ready for confirmation based on deficiencies, such as defaults on plan payments, the Trustee will file a Trustee's Statement of Non-Readiness for Confirmation at least 10 days before the confirmation hearing. The court will serve a notice indicating that the case has been placed on the Trustee's Pending List ("TPL") and that no appearances are expected, the plan will not be confirmed, and the matter will be taken off calendar at the confirmation hearing.

2. **Procedures for Restoring Matter to Confirmation Calendar:** A case that is on the TPL may be restored to the confirmation calendar as follows:

   a. To restore the matter to the Uncontested Confirmation Calendar, the Trustee will file a Trustee's Statement of Resolution when all outstanding objections are resolved, deficiencies have been cured, and the debtor(s) is current on plan payments. The Trustee's docketing of the Statement of Resolution will cause the court to issue a notice that the restored confirmation hearing is set on the date of the next available Uncontested Confirmation Calendar and to serve the notice on parties in interest.

   b. To restore a contested confirmation matter to calendar so the court can resolve factual or legal issues, any party in interest (including the debtor(s)) may file and serve in conformity with B.L.R. 9014-1(a) a Notice of Hearing and Certificate of Service on 28 days' notice to parties in interest. The matter may be set on any Contested Confirmation Calendar date posted on the court's website, but only if these three conditions are met: (1) the § 341 meeting has concluded; (2) the parties have met and conferred in good faith (in person or by telephone); and (3) the dispute is ready to be submitted for resolution, trial setting, evidentiary hearing, or briefing.

   No later than 14 days before the hearing, the noticing party shall file a Chapter 13 Status Conference Statement identifying: (a) the disputed factual and legal issues; (b) the date and time when the parties conferred; and (c) the time estimate for trial or argument. If the Chapter 13 Status Conference Statement is not timely filed, the matter will be stricken from the calendar. Matters stricken from the Contested Confirmation Calendar must be re-noticed for hearing by submitting a new Notice of Hearing, Certificate of Service, and Chapter 13 Status Conference Statement.

Approved.

Dated: July 1, 2015

*Stephen Johnson*
STEPHEN L. JOHNSON
United States Bankruptcy Judge

_M. Elaine Hammond_
M. ELAINE HAMMOND
United States Bankruptcy Judge

_Hannah L. B_
HANNAH L. BLUMENSTIEL
United States Bankruptcy Judge