Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8180
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for KARI BOWYER, Chapter 7 Trustee of the estate of
Sergio Roldan and Adriana M. Buenaventura, Chapter 7 Case No. 17-50794 MEH

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>BERT BIRMINGHAM,<br><br>Debtor. | Case No. 16-53437 MEH<br>Chapter 13<br><br>**OBJECTION TO DEBTOR'S MOTION TO MODIFY CHAPTER 13 PLAN**<br><br>[No Hearing Requested] |

  Kari Bowyer, Chapter 7 Trustee of the estate of Sergio Roldan and Adriana M. Buenaventura, Chapter 7 Case No. 17-50794 MEH ("Roldan" or "Roldan Estate"), hereby files this objection to the motion filed by Debtor, Bert Birmingham ("Birmingham") to modify his Chapter 13 plan ("Motion"). (Docket 63).

  Trustee Bowyer (in her capacity as Chapter 7 Trustee of the Roldan estate) is the beneficial owner of a promissory note, secured by a deed of trust and a final judgment (the "Lien") which encumbers real property owned by Birmingham commonly referred to as 1050 Ortega Drive, Gilroy, California ("Property"). Birmingham is in material default of his obligation to the Roldan Estate. The sums presently owned to the Roldan Estate exceed $200,000 in principal, interest, attorney's fees and costs.

/ / /

/ / /

**Background**

Birmingham filed his chapter 13 case on December 7, 2016. According to his sworn schedules, as amended on multiple occasions, the Lien is the senior encumbrance against the Property. See, Roldan Request for Judicial Notice ("RJN"), Exhibit A, Birmingham Amended Schedule D, Docket 43, filed October 30, 2017.

On July 17, 2017, Roldan's state court counsel obtained relief from the automatic stay to foreclose its liens in the Property. *See,* RJN, Exhibit B, Order Granting Roldan relief from stay, Docket 31, entered July 17, 2017. The relief from stay order is a final order. After entry of the relief from stay order, Trustee Bowyer is informed that Roldan's state court counsel took action to commence a non-judicial foreclosure of the Property.[1]

On January 30, 2018, the Bankruptcy Court confirmed Birmingham's Amended Chapter 13 Plan filed January 24, 2018. See, RJN, Exhibits C, Birmingham Amended Chapter 13 Plan, Docket 53, filed January 24, 2018 ("Confirmed Plan") and RJN Exhibit D, Order Confirming Plan, Docket 59, entered January 30, 2018. The Confirmed Plan is now in its 15th of 60 months of payments.

The Confirmed Plan provides, at Section 2.06, that Birmingham's interest in the Property would be surrendered to the Roldan estate and the junior secured creditor, Bank of America.

> 2.06. Class 3: All secured claims for which the collateral is being surrendered. Upon confirmation of this plan, the automatic stay is modified to allow a Class 3 secured claim holder to exercise its rights against its collateral.

See, Confirmed Plan, Exhibit C to RJN, ¶2.06.

In an apparent attempt to thwart Trustee Bowyer's pending foreclosure of the Property, Birmingham filed his Motion to modify the Confirmed Plan. The Motion to modify the plan provides for payment of what Birmingham assumes in the Motion is the fully matured Lien, bifurcated between the Roldan estate and Roldan's pre-petition counsel, to be paid off over the course of the 47 month that remain under the Confirmed plan. *See*, Docket 63, Debtor's motion to modify plan. Trustee Bowyer objects to the Motion as set forth below.

---

[1] Although unrelated to the Birmingham bankruptcy case, Bank of America has filed a quiet title action in state court, asserting, among other things, that its lien against the Property is senior to the Roldan lien. That litigation is pending.

**THE MODIFIED PLAN IS NOT FEASIBLE**

According to Birmingham's sworn Schedules I and J, the Debtor has net income after expenses of $2,943. RJN Exhibit E, Schedules I and J, Docket 7, field December 19, 2016. The expenses listed in the Schedules J does not provide for any payments on account of the Lien or the sums owed to Bank of America with regard to its lien against the Property.

The Motion provides that Birmingham will make monthly payments of $4,900. The Debtor, as noted in the prior paragraph, has net income of only $2,943. RJN, Exhibit E. There is no explanation in the Motion how the modified plan is feasible as there is a minimum monthly net income *shortfall of over $1,950*. There is no declaration setting forth how Mr. Birmingham, or his son, Jeffery Whelan, will fund monthly payments to Trustee Bowyer under the modified plan.

Furthermore, the Motion provides no evidence of how Mr. Birmingham will pay to Trustee Bowyer the approximately 16 months in post-petition arrears under the modified plan. Using the modified plan payments for the Lien of $4,000 per month, Trustee Bowyer estimates the post-petition arrears to be approximately $64,000 (16 months x $4,000) through April 30, 2018.

The modified plan purports to be a 100-cent payment to creditors. However, a material portion of the obligation owed to the Roldan estate is a judgment entitled to 10% interest. The balance of the obligation is subject to payment of interest in the amount of 7% per annum. Notwithstanding these obligations to pay interest, the modified plan has no provision to pay any interest to the Roldan estate.

The obligation to the Roldan estate is fully matured and must be paid immediately. Trustee Bowyer is not aware of any provision in the modified plan, or in the Bankruptcy Code, which would allow Mr. Birmingham to modify this fully matured obligation.

The modified plan proposes to bifurcate payments between the Roldan Estate and Roldan's pre-petition counsel. There is no basis for the splitting of the Lien payments as all sums are due and owing to Ms. Bowyer, as the trustee of the Roldan Estate, subject to the lien/claims of Roldan's pre-petition counsel.

The modified plan is an obvious attempt by Mr. Birmingham to thwart the pending non-judicial foreclosure of the Property. The July 17, 2017 relief from stay order is a final order. In the

event that the Court approves the modified plan, there is nothing in the modified plan to prevent or otherwise prohibit the non-judicial foreclosure of the Property by the Roldan Estate. There is, therefore, no point in spending additional resources of the Court and creditors on determining if the modified plan should be approved. The modified plan is not feasible and there is no evidence that Birmingham will ever have the wherewithal to make up the past arrears, let alone the future payments called for under the Motion. Trustee Bowyer, prays for entry of an order denying approval of the Motion.

DATED: March 30, 2018          RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
Counsel for KARI BOWYER, Chapter 7 Trustee of the estate of Sergio Roldan and Adriana M. Buenaventura, Chapter 7 Case No. 17-50794 MEH