DAVE M. McGRAW (SBN 086439)
THOMAS A. TRAPANI (SBN 100387)
**Fidelity National Law Group**
**The Law Division of Fidelity National Title Group, Inc.**
1550 Parkside Drive, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 930-9550
Facsimile: (925) 930-9588

Attorneys for Plaintiff
BANK OF AMERICA, N.A.

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>BERT BIRMINGHAM,<br><br>    Debtor(s) | Case No.: 16-53437 MEH<br><br>Chapter 13<br><br>Adversary No.: |
| BANK OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SERGIO ROLDAN, BERT BIRMINGHAM, LORETTA L. BIRMINGHAM, LEXINGTON NATIONAL INSURANCE COMPANY, THE FORECLOSURE COMPANY, INC. and Chapter 13 Trustee,<br><br>    Defendants. | **ADVERSARY COMPLAINT FOR (1) A DETERMINATION THAT THE ATTORNEY FEES JUDGMENT IS NOT AN ALLOWED SECURED CLAIM, (2) A DETERMINATION OF THE EXACT VALUE OF THE CLAIM THAT IS SECURED BY A DEED OF TRUST, (3) SPECIFIC PERFORMANCE, (4) CANCELLATION OF DEED OF TRUST; (5) AN ACCOUNTING; (6) DECLARATORY RELIEF AND (7) INJUNCTIVE RELIEF AGAINST A PREMATURE TRUSTEE'S SALE**<br><br>**[11 U.S.C. §727 and Federal Rule of Bankruptcy Procedures 4007]**<br><br>**Judge:** M. Elaine Hammond |

    COMES NOW Plaintiff BANK OF AMERICA, N.A., a creditor of Debtor BERT BIRMINGHAM and Co-Debtor LORETTA L. BIRMINGHAM, in the bankruptcy estate of In re: *Bert Birmingham*, United States Bankruptcy Court, Northern District of California Case No.: 2014-10310 (the Bankruptcy), and alleges as follows:

1

ADVERSARY COMPLAINT

## JURISDICTION

1. Jurisdiction over this action exists pursuant to 11 USC § 506 and 28 U.S.C. §§ 157(b)(2), 1334(b) and 2201, and venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

2. This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157.

## PRELIMINARY ALLEGATIONS

3. An Order Confirming Plan under Chapter 7 of Title 11 of the United Stated Code was entered in this Bankruptcy proceeding pursuant to a voluntary petition filed by BERT L. BIRMINGHAM on January 30, 2018.

4. Plaintiff BANK OF AMERICA, N.A., a licensed and chartered national association that is doing business in the State of California.

5. Plaintiff BANK OF AMERICA, N.A. brings this action to protect its secured interest as the named beneficiary under the below-described deed of trust that is recorded against that certain real property in the City of Gilroy, County of Santa Clara, State of California that is commonly known as 1050 Ortega Circle, Gilroy, CA 95020, that bears Santa Clara County Assessor's Parcel Number 808-27-008 and that is more particularly described as follows:

> All that certain land situated in the State of California, County of Santa Clara, City of Gilroy, described as follows:
>
> Parcel One:
>
> Lot 207, as shown upon that certain map entitled, 'Tract No. 5616, Unit No. 8, Castlewood Park," which map was filed for record on May 29, 1975 in Book 356 of Maps, at Pages 22 and 23, Santa Clara County records.
> Reserving from Parcel One a drainage easement for installation and maintenance of concrete vee gutter over the Southerly 5 feet thereof for the benefit of Lots 200 through 206 and 208 shown on said map.
>
> Parcel Two:
>
> A drainage easement for installation and maintenance of concrete vee gutter over the Southerly 5 feet of Lots 200 through 206 and 2008, as shown upon that certain map entitled, "Tract No. 5616, Unit No. 8, Castlewood Park," which map was filed for record on May 29, 1975 in Book 356 of maps, at pages 22 and 23, Santa Clara County records.

6. The real property that is described in paragraph 4 is sometimes referred to in this Complaint as the "Subject Property."

7.  Plaintiff BANK OF AMERICA, N.A. is informed and believe, and on that basis alleges, that at all times alleged herein, since Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM were, and are, the Borrowers under Plaintiff BANK OF AMERICA, N.A.'s loan and the fee title owners of the Subject Property, the property is one in which the bankruptcy estate has an interest.

8.  Plaintiff BANK OF AMERICA, N.A. is the current holder of a promissory note for the payment of the principal amount of $425,190.00 plus interest at the note rate that is secured by the Deed of Trust that was recorded at 8:49 a.m. on May 16, 2013 as Document Number 22222974 in the official records of Santa Clara County on the Subject Property.  A true and correct copy of the Bank of America Deed of Trust is attached as **Exhibit 1** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

9.  Plaintiff BANK OF AMERICA, N.A. is informed and believes, and on that basis alleges, that at all times pertinent to this Complaint, Defendants SERGIO ROLDAN, BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM were and are individuals who are domiciled in, and/or who own property in, and/or who have done or are doing business in, Santa Clara County in the State of California.

10. Plaintiff BANK OF AMERICA, N.A., is informed and believes and on that basis alleges that at all times pertinent to this Complaint, Defendant LEXINGTON NATIONAL INSURANCE CORPORATION was and is a corporation that has done or is doing business in, Santa Clara County in the State of California.

11. Plaintiff BANK OF AMERICA, N.A., is informed and believes, and on that basis alleges, that Defendant SERGIO ROLDAN is the beneficiary of a $60,476.00 Deed of Trust With Assignment of Rents that was recorded at 8:00 a.m. on March 22, 2007 as Document Number 19352696 in the official records of Santa Clara County on the property that is located at 1050 Ortega Circle, Gilroy, CA 95020.  A true and correct copy of the Roldan Deed of Trust is attached as **Exhibit 2** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

12. Plaintiff BANK OF AMERICA, N.A., is informed and believes, and on that basis alleges, that Defendant LEXINGTON NATIONAL INSURANCE CORPORATION is the current holder of a

Securing Indemnity Agreement for Surety Bail Bond dated 27th day of April, 2006, between Greg Padilla and Lexington National Insurance Company and Bert L. & Loretta L. Birmingham, Designated Indemnitor in the amount of $150,000 that is secured by the Short Form Deed of Trust and Assignment of Rents that was recorded at 8:00 a.m. on December 18, 2006 as Document Number 19146556 in the official records of Santa Clara County on the property that is located at 1050 Ortega Circle, Gilroy, CA 95020. A true and correct copy of the Lexington National Insurance Corporation Deed of Trust is attached as **Exhibit 3** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

13. As the named Trustee under the **Exhibit 2** Deed of Trust, Defendant THE FORECLOSURE COMPANY, INC. has issued a Notice of Trustee's Sale No. 17-233 that was recorded at 12:20 p.m. on November 17, 2017 as Document Number 23806995 in the official records of Santa Clara County on the Subject Property. A true and correct copy of the Notice of Trustee's Sale No. 17-233 is attached as **Exhibit 15** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

14. According to the **Exhibit 15** Notice of Trustee's Sale No. 17-233, the amount due to satisfy the obligation secured by the subject Deed of Trust, estimated costs, expenses, fees and advances is $201,914.98.

15. Trustee's Sale No. 17-233 is currently scheduled to take place on June 15, 2018.

16. The allegations in this Complaint, including, but not limited to, those allegations that are stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation.

17. Plaintiff BANK OF AMERICA, N.A. is informed and believes, and on that basis alleges, that at all times herein mentioned, the Defendants, and each of them, were acting on their own behalf and as agents or employees of each of the other Defendants, and the acts described hereinafter were done in the course and scope of such agency or employment, as well as on their own behalf. Furthermore, the Defendants, and each of them, were authorized by the Defendant principals in the doing and the manner of the acts alleged, and ratified said behavior.

///

## CHAIN OF TITLE OF THE SUBJECT PROPERTY

18. On or about July 7, 1975, Felice Estate Vineyards, formerly San Martin Vineyards Company, a co-partnership granted fee simple title to the Subject Property and other properties to South County Development Corporation, a California corporation and Castlewood Park Development, Inc., a California corporation, doing business as South County Castlewood, a joint venture under and by virtue of a Grant Deed that was recorded at 8:00 a.m. on July 9, 1975 as Document Number 5046870 in the official records of Santa Clara County. A true and correct copy of the Grant Deed is attached as **Exhibit 4** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

19. On or about November 11, 1975, South County – Castlewood Joint Venture, a joint venture granted fee simple title to the Subject Property and other properties to Lawyers Title Insurance Corporation, a Virginia corporation, under and by virtue of a Corporation Grant Deed that was recorded at 8:00 a.m. on November 13, 1975 as Document Number 5148520 in the official records of Santa Clara County. A true and correct copy of the Corporation Grant Deed is attached hereto as **Exhibit 5** and incorporated herein by this reference.

20. On or about March 19, 1976, Lawyers Title Insurance Corporation, a corporation organized under the laws of the State of Virginia granted fee simple title to the Subject Property to Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM, his wife, as joint tenants, under and by virtue of a Corporation Grant Deed that was recorded at 8:00 a.m. on March 29. 1976 as Document Number 5250241 in Book 938, Page 407 of the official records of Santa Clara County. A true and correct copy of the Corporation Grant Deed is attached hereto as **Exhibit 6** and incorporated herein by this reference.

21. The legal description of the property that was conveyed by the **Exhibit 6** Corporation Grant Deed is as stated in Paragraph 5 of this Complaint.

## ENCUMBRANCES

22. A Deed of Trust as executed between Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM, married to each other, and Plaintiff BANK OF AMERICA, N.A. in order to secure Defendants LORETTA L. BIRMINGHAN and BERT L. BIRMINGHAM's indebtedness in the initial principal amount of $417,000 was recorded at 8:00 a.m. on October 18, 2006 as Document

Number 19146555 in the official records of Santa Clara County. The legal description of the property on which the Deed of Trust was placed is as stated in Paragraph 5 of this Complaint. A true and correct copy of the Deed of Trust is attached as **Exhibit 7** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

23. As documented by the attached **Exhibit 8** U.S. Department of Housing and Urban Development Settlement Statement (HUD-1), from the May 3, 2013 refinance of the Subject Property, $419,952.31 of the loan proceeds was used for a "payoff to Bank of America" to satisfy the obligation that was secured by the **Exhibit 7** Deed of Trust on the Subject Property.

24. On or about May 10, 2013, the current beneficiary of the **Exhibit 7** Deed of Trust, Plaintiff BANK OF AMERICA, N.A. substituted ReCon Trust Company, N.A. for PRLAP, Inc., as the trustee under the **Exhibit 7** Deed of Trust and the then current trustee of the **Exhibit 7** Deed of Trust, ReCon Trust Compnay, N.A. reconveyed the estate that was granted to the trustee under the **Exhibit 7** Deed of Trust to the record owners of the Subject Property under and by virtue of the **Exhibit 9** Substitution of Trustee and Full Reconveyance that was recorded at 8:56 a.m. on May 10, 2013 as Document Number 22214323 in the official records of Santa Clara County.

25. Since the prior indebtedness that was secured by the **Exhibit 7** Deed of Trust was satisfied and/or paid off by Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM's new $425,190.00 indebtedness, Plaintiff BANK OF AMERICA, N.A. is subrogated to the rights and interests that it had under the now satisfied **Exhibit 7** Deed of Trust.

26. As documented by the attached **Exhibit 10** Borrower's Estimated Settlement Statement from the October 18, 2006 refinance of the Subject Property, $100,000 of the loan proceeds was disbursed to make "Payment for Account to Lexington National Insurance Corporation" as secured by the **Exhibit 3** Deed of Trust and $60,000 of the loan proceeds was disbursed to satisfy the "amount due to Sergio Roldan" as secured by the **Exhibit 2** Deed of Trust on the Subject Property.

27. Although the prior indebtedness that was secured by the **Exhibit 3** Deed of Trust was satisfied and/or paid off by the new $425,190 indebtedness of Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM as secured by the **Exhibit 1** Deed of Trust, recorded confirmation that the estate that had been granted by the Trustee under the **Exhibit 3** Deed of Trust was

1  never provided to the County Recorder's Office as required by law.

2  28. Although the prior indebtedness that was secured by the **Exhibit 2** Deed of Trust was satisfied and/or paid off by the new $425,190 indebtedness of Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM as secured by the **Exhibit 1** Deed of Trust, recorded confirmation that the estate that had been granted by the Trustee under the **Exhibit 2** Deed of Trust was never provided to the County Recorder's Office as required by law.

29. Since the prior indebtedness that was secured by the **Exhibit 3** Deed of Trust was satisfied and/or paid off by the new $425,190 indebtedness of Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM, Defendant LEXINGTON NATIONAL INSURANCE CORPORATION and DOES 1 through 50, inclusive should be compelled to provide the County Recorder's Office with recordable confirmation of the Full Reconveyance of the estate granted to the Trustee under the **Exhibit 3** Deed of Trust.

30. Furthermore, since the prior indebtedness that was secured by the **Exhibit 2** Deed of Trust was satisfied and/or paid off by the new $425,190 indebtedness of Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM, Defendant SERGIO ROLDAN and DOES 1 through 50, inclusive should be compelled to provide the County Recorder's Office with recordable confirmation of the Full Reconveyance of the estate granted to the Trustee under the **Exhibit 2** Deed of Trust.

31. In addition, since the prior indebtedness that was secured by the **Exhibit 2** and **Exhibit 3** Deeds of Trust were satisfied and/or paid off by the new $425,190 indebtedness of Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM, Plaintiff BANK OF AMERICA, N.A. has filed an action in the Santa Clara County Superior Court to ask the court to equitably subrogate Plaintiff BANK OF AMERICA, N.A. to the rights and interest that it had under its **Exhibit 7** Deed of Trust.

32. On or about November 28, 2016, Defendant SERGIO ROLDAN recorded an Abstract of Judgment for $69,317.39 against Judgment Debtors LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM at 1:14 p.m. on December 19, 2016 as Document Number 23537616 in the official records of Santa Clara County. A true and correct copy of the Abstract of Judgment is attached as **Exhibit 11** to the Index of Exhibits in Support of this Complaint and incorporated herein by this

reference.

**FIRST CLAIM FOR RELIEF**
**(FOR A DETERMINATION THAT THE ATTORNEY FEES**
**JUDGMENT IS NOT AN ALLOWED SECURED CLAIM)**
**(11 U.S.C. § 506)**
**(AGAINST ALL DEFENDANTS, AND EACH OF THEM)**

33. Plaintiff BANK OF AMERICA, N.A. hereby incorporates by reference paragraphs 1 to 29, inclusive, as though fully set forth herein.

34. The **Exhibit 2** Deed of Trust provides in pertinent part as follows: "For the Purpose of Securing (1) payment of the sum of $60,476.00, with interest thereon according to the terms of a promissory note or notes of even date, with a maturity year of 2007 herewith made by Trustor (i.e., Defendant BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM), payable to order of Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by the Deed of Trust."

35. Section A(3) of the **Exhibit 2** Deed of Trust provides as follows: "To protect the security of this Deed of Trust, Trustor (i.e., Defendant BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM) agrees (3) to appear in and defend any action or proceeding purporting to effect the security hereof or the rights or powers of Beneficiary (i.e., Defendant SERGIO ROLDAN) or Trustee (i.e., Financial Title Company), and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary (i.e. Defendant SERGIO ROLDAN) or Trustee (i.e, Financial Title Company) may appear, and in any suit brought by Beneficiary (i.e., Defendant SERGIO ROLDAN) to foreclose this Deed."

36. Section B(5) provides as follows: "It is mutually agreed (5) That as additional security, Trustor (i.e., Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM) hereby gives to and confers upon Beneficiary (i.e., Defendant SERGIO ROLDAN) the right, power and authority, during the continuances of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor (i.e., Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM) the right,

prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property, or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice."

37. On March 21, 2013, Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM filed a Complaint For Cancellation of Deed of Trust and To Quiet Title to Real Property in Santa Clara County action number 1-13-CV-243356. A true and correct copy of the Complaint is attached as **Exhibit 12** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

38. On December 3, 2014, the Santa Clara County Superior Court entered a Judgment denying Defendant's BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM's prayer (1) for a declaration that the Deed of Trust is void and invalid, (2) for a judgment which will expunge the Deed of Trust *nunc pro tunc,* and (3) for a judgment quieting title and declaring that Plaintiffs are the owners in fee simple of the subject real property and that Defendant has no interest in the property adverse to Plaintiffs. A true and correct copy of the Judgment is attached as **Exhibit 13** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

39. On February 27, 2015, the Santa Clara County Superior Court entered an Order RE Attorney Fees granting Defendant SERGIO ROLDAN $43,119.00 in attorney fees against Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM. A true and correct copy of the Judgment is attached as **Exhibit 13** to the Index of Exhibits in Support of this Complaint and incorporated herein by this reference.

9
ADVERSARY COMPLAINT

40. The California Court of Appeal upheld the Judgment in an unpublished opinion and the remittitur was issued on September 27, 2016.

41. Defendant SERGIO ROLDAN and Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM thereafter stipulated that the reasonable attorney fees to be awarded to Defendant SERGIO ROLDAN for the appeal was $18,500.00, bringing the total of attorney fees and costs owed to $69,317.39 as of October of 2016.

42. There was nothing in either the court order or the stipulation to indicate that the award of attorney fees to Defendant SERGIO ROLDAN would be secured by the **Exhibit 2** Deed of Trust.

43. Nevertheless, the amount stated in the **Exhibit 15** Notice of Trustee's Sale to satisfy the obligation secured by the **Exhibit 2** Deed of Trust includes the attorney fees award plus interest.

44. As the holder of a Deed of Trust that was recorded after the recording of the **Exhibit 2** Deed of Trust, Plaintiff BANK OF AMERICA, N.A. wishes to cure the amount secured by the Deed of Trust prior to the June 15, 2018 Trustee's Sale.

45. Without a determination by the court whether the attorney fees judgment is an allowed secured claim or not, Plaintiff BANK OF AMERICA, N.A. is unable to determine the level of payment necessary to cure the amount secured by the Deed of Trust prior to a Trustee's Sale.

46. For these reasons, Plaintiff BANK OF AMERICA, N.A. hereby requests the court to determine that the attorney fees judgment in favor of Defendant SERGIO ROLDAN and against Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM, plus interest, is not an allowed secured claim and therefore, subject to discharge in this bankruptcy proceeding.

WHEREFOR, Plaintiff BANK OF AMERICA, N.A. prays for judgment against the Defendants, and each of them, as set forth below.

### SECOND CLAIM FOR RELIEF
### (FOR DETERMINATION OF THE EXACT VALUE OF THE CLAIM THAT IS SECURED BY THE EXHIBIT 2 DEED OF TRUST)
### (11 U.S.C. § 506)
### (AGAINST ALL DEFENDANTS, AND EACH OF THEM)

47. Plaintiff BANK OF AMERICA, N.A. hereby incorporates by reference paragraphs 1 to 29, inclusive, as though fully set forth herein.

48. Although the face amount of the **Exhibit 2** Deed of Trust is for $60,476, the amount stated in the **Exhibit 15** Notice of Trustee's Sale to satisfy the obligation secured by the **Exhibit 2** Deed of Trust is $201,914.98.

49. Without a determination by the court of the exact amount of the claim that is secured by the **Exhibit 2** Deed of Trust, it has not been determined how much, if any, of the $201,914.98 is subject to discharge in this bankruptcy action.

50. Furthermore, without a determination by the court of the exact amount of the claim that remains secured by the **Exhibit 2** Deed of Trust, Plaintiff BANK OF AMERICA, N.A. is unable to determine the level of payment necessary to cure the amount secured by the Deed of Trust prior to the Trustee's Sale.

51. For these reasons, Plaintiff BANK OF AMERICA, N.A. hereby requests the court to determine that the exact amount of Defendant SERGIO ROLDAN's claim that was secured by the **Exhibit 2** Deed of Trust, before payment, was $60,476.

52. Furthermore, Plaintiff BANK OF AMERICA, N.A., hereby requests the court to determine what exact amount, if any, of Defendant SERGIO ROLDAN's claim remains secured by the **Exhibit 2** Deed of Trust.

WHEREFOR, Plaintiff BANK OF AMERICA, N.A. prays for judgment against the Defendants, and each of them, as set forth below.

### THIRD CLAIM FOR RELIEF
### (FOR SPECIFIC PERFORMANCE)
### (AGAINST DEFENDANTS LEXINGTON NATIONAL INSURANCE CORPORATION AND SERGIO ROLDAN, AND EACH OF THEM)

53. Plaintiff BANK OF AMERICA, N.A. hereby incorporates by reference paragraphs 1 to 52, inclusive, as though fully set forth herein.

54. The consideration that the debtors, LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM, were required to pay lenders, LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them, under the indebtedness that was secured by the **Exhibit 2** and **Exhibit 3** Deeds of Trust were adequate and the indebtedness was just and reasonable as to the parties.

55. Within the prescribed time, borrowers, LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM, paid off the full amounts owed lenders, LEXINGTON NATIONAL INSURANCE CORPORATION, SERGIO ROLDAN, and each of them, pursuant to the specific terms of the indebtedness that was secured by the **Exhibit 2** and **Exhibit 3** Deeds of Trust.

56. Plaintiff BANK OF AMERICA, N.A. and its borrowers, Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM have demanded that Defendants LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them, provide recordable confirmation of the Full Reconveyance of the estates granted to the Trustees under the **Exhibit 2** and **Exhibit 3** Deeds of Trust.

57. Defendants LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them have refused and continue to refuse, to provide recordable confirmation of the Full Reconveyance of the estates granted to the Trustees under the **Exhibit 2** and **Exhibit 3** Deeds of Trust, as required by the terms of the instruments of indebtedness and the law.

58. Plaintiff BANK OF AMERICA, N.A. has no adequate remedy at law to obtain the necessary recordable confirmation of the Full Reconveyance of the estates granted to the Trustees under the **Exhibit 2** and **Exhibit 3** Deeds of Trust, other than by specific performance as requested in this Complaint.

59. Plaintiff BANK OF AMERICA, N.A. is entitled to specific performance of the terms, conditions and provisions of the instruments of indebtedness that are secured by the **Exhibit 2** and **Exhibit 3** Deeds of Trust, by court decree, among other things, ordering Defendants LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them to provide recordable confirmation of the Full Reconveyance of the estates granted to the Trustees under the **Exhibit 2** and **Exhibit 3** Deeds of Trust.

60. Plaintiff BANK OF AMERICA, N.A. is entitled to compensation incidental to a decree of specific performance by virtue of the delay of Defendants LEXINGTON NATIONAL INSURANCE CORPORATION, SERGIO ROLDAN, and each of them, in providing recordable confirmation of the Full Reconveyance of the estate granted to the Trustee under the **Exhibit 2** and **Exhibit 3** Deeds of Trust.

WHEREFORE, Plaintiff BANK OF AMERICA, N.A. prays for judgment against Defendants LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them, as set forth below.

**FOURTH CLAIM FOR RELIEF**
**(FOR CANCELLATION OF DEED OF TRUST)**
**(AGAINST DEFENDANTS LEXINGTON NATIONAL INSURANCE COMPANY AND SERGIO ROLDAN, AND EACH OF THEM)**

61. Plaintiff BANK OF AMERICA, N.A. hereby incorporates by reference paragraphs 1 to 60, inclusive, as though fully set forth herein.

62. Plaintiff BANK OF AMERICA, N.A. is informed and believes, and on that basis alleges, that at all times herein mentioned, the **Exhibit 2** and **Exhibit 3** Deeds of Trust remain of record as an encumbrance against the Subject Property even though the indebtedness that is secured by the Deeds of Trust has been fully repaid.

63. Plaintiff BANK OF AMERICA, N.A. is informed and believes, and on that basis alleges, that the **Exhibit 2** and **Exhibit 3** Deeds of Trust remain of record due to the error or inadvertence by the beneficiaries and/or their agents or representatives in failing to record Reconveyances when the **Exhibit 2** and **Exhibit 3** Deeds of Trust were satisfied by full repayment of each indebtedness.

64. Plaintiff BANK OF AMERICA, N.A. is informed and believes and thereupon alleges that if the **Exhibit 2** and **Exhibit 3** Deeds of Trust are allowed to remain outstanding, there will be a cloud on the Plaintiff's secured interest in the Subject Property.

WHEREFORE, Plaintiff BANK OF AMERICA, N.A. prays for damages as follows:

**FIFTH CLAIM FOR RELIEF**
**(FOR AN ACCOUNTING)**
**(AGAINST DEFENDANT SERGIO ROLDAN)**

65. Plaintiff BANK OF AMERICA, N.A. hereby incorporates by reference paragraphs 1 to 64, inclusive, as though fully set forth herein.

66. Plaintiff BANK OF AMERICA, N.A. contends that the only sum ever secured by the **Exhibit 2** Deed of Trust was the original principal sum of $60,476.

///

67. Plaintiff BANK OF AMERICA, N.A. further contends that since there was either no promissory note for the $60,476 indebtedness that is secured by the **Exhibit 2** Deed of Trust at all or the promissory note for the indebtedness has been lost, no amount of interest accrual is secured by the **Exhibit 2** Deed of Trust.

68. Furthermore, Plaintiff BANK OF AMERICA, N.A. contends that the award of attorney fees that is reflected in the **Exhibit 11** judgment is not now, nor has it ever been, secured by the **Exhibit 2** Deed of Trust.

69. In addition, Plaintiff BANK OF AMERICA, N.A. contends that the award of attorney fees that is reflected in the **Exhibit 11** Judgment will be discharged in this bankruptcy proceeding.

70. For these reasons, as a party with a security interest in the Subject Property, Plaintiff BANK OF AMERICA, N.A., is entitled to an accounting of any and all amounts that are secured, and/or are claimed to be secured, by the **Exhibit 2** Deed of Trust.

WHEREFORE, Plaintiff BANK OF AMERICA, N.A. prays for damages as follows:

### SIXTH CLAIM FOR RELIEF
### (FOR DECLARATORY RELIEF)
### (AGAINST ALL DEFENDANTS, AND EACH OF THEM)

71. Plaintiff BANK OF AMERICA, N.A. hereby incorporates by reference paragraphs 1 to 70, inclusive, as though fully set forth herein.

72. An actual controversy has arisen and now exists between Plaintiff BANK OF AMERICA, N.A., on the one hand, and the Defendants, and each of them, on the other hand, concerning their respective rights in and to their respective interests in the Subject Property in that the Plaintiff contends and the Defendants, and each of them, deny that the only sum ever secured by the **Exhibit 2** Deed of Trust was the original principal sum of $60,476 and that no amount of interest accrual or judgment for attorney fees, or interest thereon, is secured by the **Exhibit 2** Deed of Trust.

73. In addition, Plaintiff contends and the Defendants, and each of them, deny that any and all prior indebtedness that was secured by the **Exhibit 2** Deed of Trust was satisfied and/or paid off by the new $425,190 indebtedness of Defendants LORETTA L. BIRMINGHAM and BERT L. BIRMINGHAM as secured by the **Exhibit 1** Deed of Trust.

74. Plaintiff BANK OF AMERICA, N.A. desires a judicial determination of its rights and duties and a declaration establishing that (1) the attorney fees judgment in favor of Defendant SERGIO ROLDAN and against Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM is not an allowed secured claim and therefore, subject to discharge in this bankruptcy proceeding, (2) the exact value of the claim that was secured by the **Exhibit 2** Deed of Trust was $60,476 before reduced by payment, (3) the exact value of Defendant SERGIO ROLDAN's claim that remains secured by the **Exhibit 2** Deed of Trust is $476, (4) Defendants LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them must provide recordable confirmation of the Full Reconveyance of the estates granted to the Trustees under the **Exhibit 2** and **Exhibit 3** Deeds of Trust, (5) the **Exhibit 2** and **Exhibit 3** Deeds of Trust are cancelled, (6) the Plaintiff is entitled to an accounting of any and all amounts that are secured, and/or are claimed to be secured, by the **Exhibit 2** Deed of Trust, and (7) the Defendants, and each of them, are enjoined from proceeding with or pursuing any sale of the Subject Property unless and until the court is able to determine the exact value of the amount that is secured by the **Exhibit 2** Deed of Trust and/or the level of payment necessary to cure the amount secured by the **Exhibit 2** Deed of Trust.

75. A judicial declaration is necessary and appropriate at this time so that the parties hereto may ascertain their respective rights and interests in the Subject Property.

WHEREFORE, Plaintiff BANK OF AMERICA, N.A. prays for damages as follows:

### SEVENTH CLAIM FOR RELIEF
**(FOR INJUNCTIVE RELIEF AGAINST A PREMATURE TRUSTEE'S SALE)**
**(AGAINST ALL DEFENDANTS, AND EACH OF THEM)**

76. Plaintiff BANK OF AMERICA, N.A. hereby incorporates by reference paragraphs 1 to 75, inclusive, as though fully set forth herein.

77. It is currently unknown how much of the $201,914.98, if any, that is stated as the outstanding balance owed under the **Exhibit 2** Deed of Trust is subject to discharge in this bankruptcy action.

78. Without a determination by the court of the exact amount of the claim that is secured by the **Exhibit 2** Deed of Trust, Plaintiff BANK OF AMERICA, N.A. is unable to determine the level of

payment necessary to cure the amount secured by the Deed of Trust prior to a Trustee's Sale.

79. For these reasons, Plaintiff BANK OF AMERICA, N.A. hereby seeks an order of preliminary injunction and permanent injunction enjoining the Defendants, and each of them, from proceeding with or pursuing any sale of the Subject Property unless and until the court is able to determine the exact value of the amount that is secured by the **Exhibit 2** Deed of Trust and/or the level of payment necessary to cure the amount secured by the **Exhibit 2** Deed of Trust.

**PRAYER**

ON THE FIRST CLAIM FOR RELIEF FOR A DETERMINATION THAT THE ATTORNEY FEES JUDGMENT IS NOT AN ALLOWED SECURED CLAIM:

1. For a judgment determining that the attorney fees judgment in favor of Defendant SERGIO ROLDAN and against Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM is not an allowed secured claim and therefore, dischargeable in this bankruptcy proceeding.

ON THE SECOND CLAIM FOR RELIEF FOR A DETERMINATION OF THE EXACT VALUE OF THE CLAIM THAT IS SECURED BY A DEED OF TRUST:

2. For a judgment determining the exact amount of Defendant SERGIO ROLDAN's claim that is secured by the **Exhibit 2** Deed of Trust.

ON THE THIRD CLAIM FOR RELIEF FOR SPECIFIC PERFORMANCE:

3. For a judgment of specific performance against Defendants LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them, compelling the Defendants, and each of them, to provide recordable confirmation of Full Reconveyances of the estates that were granted to the Trustees, and each of them, under the **Exhibit 2** and the **Exhibit 3** Deeds of Trust.

4. For an award of compensation incidental to the judgment of specific performance because of the delay of Defendants LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them, in providing recordable confirmation of the Full Reconveyance of the estates that were granted to the Trustees, and each of them, under the **Exhibit 2** and **Exhibit 3** Deeds of Trust.

///

ON THE FOURTH CLAIM FOR RELIEF FOR CANCELLATION OF DEED OF TRUST:

5. For a judgment against all of the Defendants, and each of them, cancelling the **Exhibit 2** and **Exhibit 3** Deeds of Trust.

ON THE FIFTH CLAIM FOR RELIEF FOR AN ACCOUNTING:

6. For a judgment against all of the Defendants, and each of them, providing the Plaintiff with an accounting of any and all amounts that are secured, and/or are claimed to be secured, by the **Exhibit 2** Deed of Trust.

ON THE SIXTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF:

7. For a declaration as to all Defendants, and each of them, establishing that (1) the attorney fees judgment in favor of Defendant SERGIO ROLDAN and against Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM is not an allowed secured claim and therefore, subject to discharge in this bankruptcy proceeding, (2) the exact value of the claim that was secured by the **Exhibit 2** Deed of Trust was $60,476 before reduced by payment, (3) the exact value of Defendant SERGIO ROLDAN's claim that remains secured by the **Exhibit 2** Deed of Trust is $476, (4) Defendants LEXINGTON NATIONAL INSURANCE CORPORATION and SERGIO ROLDAN, and each of them must provide recordable confirmation of the Full Reconveyance of the estates granted to the Trustees under the **Exhibit 2** and **Exhibit 3** Deeds of Trust, (5) the **Exhibit 2** and **Exhibit 3** Deeds of Trust are cancelled, (6) the Plaintiff is entitled to an accounting of any and all amounts that are secured, and/or are claimed to be secured, by the **Exhibit 2** Deed of Trust, and (7) the Defendants, and each of them, are enjoined from proceeding with or pursuing any sale of the Subject Property unless and until the court is able to determine the exact value of the amount that is secured by the **Exhibit 2** Deed of Trust and/or the level of payment necessary to cure the amount secured by the **Exhibit 2** Deed of Trust.

ON THE SEVENTH CLAIM FOR RELIEF FOR INJUNCTIVE RELIEF AGAINST A PREMATURE TRUSTEE'S SALE:

8. For a preliminary injunction and permanent injunction enjoining all Defendants, and each of them, from proceeding with or pursuing any sale of the Subject Property unless and until the court is able to determine the exact value of the amount that is secured by the **Exhibit 2** Deed of Trust and/or the

1 | level of payment necessary to cure the amount secured by the **Exhibit 2** Deed of Trust.
2 | AND ON ALL CAUSES OF ACTION:
3 | 8. For costs of suit incurred herein;
4 | 9. For such other and further relief as the Court may deem just and proper.
5 | Dated: June 5, 2018

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL TITLE GROUP, INC.

By: /s/ Thomas A. Trapani
THOMAS A. TRAPANI, Attorneys for
Plaintiff BANK OF AMERICA, N.A.

ADVERSARY COMPLAINT