DAVE M. McGRAW (SBN 086439)
THOMAS A. TRAPANI (SBN 100387)
**Fidelity National Law Group**
**The Law Division of Fidelity National Title Group, Inc.**
1550 Parkside Drive, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 930-9550
Facsimile: (925) 930-9588

Attorneys for Plaintiff
BANK OF AMERICA, N.A.

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>BERT BIRMINGHAM,<br><br>    Debtor(s) | Case No.: 16-53437 MEH<br><br>Chapter 13<br><br>Adversary No.:  18-05025 |
| BANK OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SERGIO ROLDAN, BERT BIRMINGHAM, LORETTA L. BIRMINGHAM, LEXINGTON NATIONAL INSURANCE COMPANY, THE FORECLOSURE COMPANY, INC. and Chapter 13 Trustee,<br><br>    Defendants. | **DECLARATION OF THOMAS A. TRAPANI IN SUPPORT OF PLAINTIFF BANK OF AMERICA, N.A.'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED (Rule 65)**<br><br>(*Filed concurrently with Plaintiff Bank of America, N.A.'s Ex Parte Application For A Temporary Restraining Order and An Order To Show Cause Why a Preliminary Injunction Should Not Be Issued, Declaration of Thomas A. Trapani; and Proposed Order Granting Ex Parte Application*)<br><br>**Judge:**  M. Elaine Hammond |

I, Thomas A. Trapani, Esq., declare as follows:

1. I am an attorney licensed to practice law before all courts of the State of California.

2. I am a Vice President and a Senior Trial Counsel with the Fidelity National Law Group, the attorneys of record for Plaintiff BANK OF AMERICA, N.A. in this matter.

1
TRAPANI DECL ISO EX PARTE APPLICATION FOR A TRO AND/OR INJUNCTION

3. I am over the age of majority and I have personal knowledge of the matters stated in this Declaration and if called to testify as a witness, I could and would competently testify as stated in this Declaration.

4. I make this Declaration in support of Plaintiff BANK OF AMERICA, N.A.'s *Ex Parte* Application for A Temporary Restraining Order and/or an Order to Show Cause Why a Preliminary Injunction Should Not Be Issued.

5. I have examined the documents pertinent to the attorney fees award that was rendered against Defendants BERT L. BIRMINGHAM and LORETTA L. BIRMINGHAM in connection with their Complaint For Cancellation of Deed of Trust and To Quiet Title to Real Property in Santa Clara County Action Number 1-13-CV-243356.

6. The California Court of Appeal unheld the Judgment and the award of attorney fees in an unpublished opinion and the remittitur was issued on September 27, 2016.

7. According to the documents, MR. ROLDAN and MR. and MRS. BIRMINGHAM thereafter stipulated that the reasonable attorney fees to be awarded to MR. ROLDAN for the appeal was $18,500, bringing the total of attorney fees and costs to $69,317.39 in October of 2016.

8. There was nothing in either the court order or the stipulation to indicate that the award of attorney fees would be secured by MR. ROLDAN's deed of trust.

9. Although the award of attorney fees against MR. and MRS. BIRMINGHAM is separate from the deed of trust, MR. ROLDAN's attorney now claims that the attorney fee awards are secured by the deed of trust.

10. The $201,914.98 amount stated in the Notice of Trustee's Sale includes the attorney fee awards plus interest.

11. As the holder of a Deed of Trust that was recorded after MR. ROLDAN's deed of trust, the Plaintiff may wish to cure the default prior to the June 15, 2018 Trustee's sale.

12. The decision whether to cure or not depends on what this Court determines is the exact amount of the secured indebtedness.

13. So, without a determination by this Court whether the attorney fees judgment is an allowed secured claim or not, neither MR. and MRS. BIRMINGHAM's son, Jeff Whalen, nor the

1 | Plaintiff are able to determine the level of payment necessary to cure the amount secured by the Deed of
2 | Trust prior to a Trustee's sale.

14. The Plaintiff and I hereby request this Court to determine that the attorney fees judgment in favor of MR. ROLDAN, plus interest, is not an allowed secured claim and therefore, subject to discharge in this bankruptcy proceeding.

15. At a minimum, the Plaintiff and I request this Court to determine that the attorney fees are not secured by Mr. Roldan's Deed of Trust and therefore, not part of the funds needed to cure the default and avoid the sale.

16. Prior to 10 a.m. on June 13, 2018, I provided notice to counsel for all parties, including MR. ROLDAN, his bankruptcy trustee, and MR. and MRS. BIRMINGHAM, that Plaintiff BANK OF AMERICA, N.A. and I would be making this *Ex Parte* Application on the afternoon of Thursday, June 14, 2018.

17. If not stopped, the sale of MR. and MRS. BIRMINGHAM's property would leave them without their home of forty years and Plaintiff BANK OF AMERICA, N.A. without security for its performing loan.

18. I have a pending action in the state court on behalf of BANK OF AMERICA, N.A. for equitable subrogation, among other claims.

19. I am seeking leave to amend the state court complaint to add causes of action for similar relief to that sought by the Adversary Complaint in this proceeding. A true and correct copy of the filed Adversary Complaint and Exhibits thereto in this proceeding are attached as **Exhibit 1A, Exhibit 1B, and Exhibit 1C**.

20. Even if BANK OF AMERICA, N.A. does not prevail on its equitable subrogation claim, BANK OF AMERICA, N.A. has a substantial chance of reducing the amount secured by MR. ROLDAN's Deed of Trust to a sum that can be cured by Mr. Whalen, the Plaintiff or both in order to prevent a Trustee's sale.

20. There is no order of the court adding the value of recovered attorney fees to the debt that is secured by MR. ROLDAN's Deed of Trust.

///

21. There is no logical reason why the recovered attorney fees should be added to the value of the secured indebtedness.

22. While MR. ROLDAN's Deed of Trust secured Mr. Whalen's debt to MR. ROLDAN, the attorney fees became the debt of MR. and MRS. BIRMINGHAM.

23. Since the obligations are separate, the attorney fees award should be dischargeable in MR. and MRS. BIRMINGHAM's bankruptcy action.

24. The California superior and appellate courts concluded that either there was never a promissory note to begin with or the promissory note that evidenced Mr. Whalen's debt was lost.

25. There is no foundation for adding interest to the $60,478 indebtedness that is secured by MR. ROLDAN's Deed of Trust.

26. These valuation issues are of vital importance to the current attempts to sell MR. and MRS. BIRMINGHAM's property.

27. If there is little or not indebtedness secured by MR. ROLDAN's Deed of Trust, then BANK OF AMERICA, N.A. and Mr. Whalen must have an opportunity to cure any default before MR. and MRS. BIRMINGHAM's home is sold.

28. Otherwise, MR. and MRS. BIRMINGHAM'S home could be lost to a third party without justification.

29. Even if MR. and MRS. BIRMINGHAM's home is not purchased by a third party, this Court must determine the amount owed to MR. ROLDAN to known the amount that MR. ROLDAN can credit bid towards the purchase of the property.

30. If the attorney fees award is not secured by MR. ROLDAN's Deed of Trust, then the value of those attorney fees would not be available for MR. ROLDAN's credit bid.

31. Since this number could affect the conduct of the Trustee's sale, the issue must be resolved before MR. and MRS. BIRMINGHAM's home can be sold.

32. Since MR. and MRS. BIRMINGHAM are not in default of the $425,190.00 BANK OF AMERICA, N.A. loan, BANK OF AMERICA, N.A. has no reason to foreclosure on MR. and MRS. BIRMINGHAN's property.

///

33. If very little debt is secured by MR. ROLDAN's Deed of Trust, it is unlikely that the property will ever be sold.

34. These issues must be litigated and resolved before the Trustee's sale can proceed.

35. BANK OF AMERICA, N.A. and MR. and MRS. BIRMINGHAM are entitled to an adjudication of BANK OF AMERICA, N.A.'s various claims before any Defendant should be able to pursue a Trustee's sale of the property.

36. If BANK OF AMERICA, N.A.'s request for relief is not granted, the harm to BANK OF AMERICA, N.A. will be irreparable.

37. Since the Plaintiff's Complaints have not been adjudicated yet, MR. ROLDAN's attorney has repeatedly informed me that MR. ROLDAN intends for the Trustee to sell the property as if MR. ROLDAN is the first position lien holder.

38. MR. ROLDAN's attorney has informed me that MR. ROLDAN intends to ward off all other purchasers with a $201,914.98 credit bid to secure ownership of the property.

39. MR. ROLDAN's attorney has informed me that MR. ROLDAN's approach to the sale is based on MR. ROLDAN's claim that his attorney fees award is secured by his Deed of Trust, which is currently in the first position on the property.

40. These are hotly contested issues that have yet to be decided by any court.

41. If the sale were to happen as MR. ROLDAN envisions and BANK OF AMERICA, N.A. later prevailed on any or all of its claims, then BANK OF AMERICA, N.A. would be irreparably harmed by the loss of its security interest in the property.

42. Since the property will be sold subject to the *lis pendens*, there is no way for a sale to net a true value for the property.

43. If the sale were to occur now, BANK OF AMERICA, N.A.'S current security would be lost forever.

44. The situation would be very different if BANK OF AMERICA, N.A. were allowed to cure the default to prevent a sale.

45. If BANK OF AMERICA, N.A were allowed to cure the default to prevent a sale, there would be no irreparable harm to anyone.

46. If BANK OF AMERICA, N.A is allowed to succeed on any of its claims for relief in this Court before a sale, there will be no money to pay back and no irreparable injury to anyone.

47. Resolution of BANK OF AMERICA, N.A.'s claims before a Trustee's sale is necessary to protect BANK OF AMERICA, N.A. from irreparable harm.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on June 13, 2018 at Walnut Creek, California.

/S/ Thomas A. Trapani
THOMAS A. TRAPANI

Case: 16-53437    Doc# 78-2    Filed: 06/13/18    Entered: 06/13/18 10:08:45    Page 6 of 6